# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BONNIE BUGAY et al.**                                      **CIVIL ACTION**

**VERSUS**                                                       **No.  08-1690**

**JOHN D. MCCAIN, M.D. et al.**                            **SECTION:  I/5**

## ORDER AND REASONS

Before the Court is the motion filed by plaintiffs, Bonnie and Rudy Bugay, individually and on behalf of their minor children, to stay proceedings for 90 days.[1]  For the following reasons, plaintiffs' motion is **DENIED**.

## *BACKGROUND*

On March 28, 2007, Bonnie Bugay saw John D. McCain, M.D., at the Interventional Pain and Spine Center, LLC ("IPSC"), for a cervical epidural steroid injection.[2]  Shortly after receiving the injection, Bonnie Bugay became cyanotic and went into respiratory distress.[3]  Plaintiffs allege that the cervical epidural steroid injection of Depo Medrol[4] was incorrectly

---

[1] R. Doc. No. 6.

[2] R. Doc. No. 1-3, compl., at ¶ III.

[3] *Id.* at ¶ IV.  Bonnie Bugay underwent diagnostic testing consisting of an MRI and a cerebral angiogram. The tests suggested thrombosis of the right vertebral, PICA, and anterior spinal artery, as well as occlusion of the intracranial right vertebral artery.  *Id.*

[4] Both parties agree that Depo Medrol was manufactured by defendant Pharmacia & Upjohn Company, LLC, however defendant Pfizer, Inc. denies that it ever manufactured Depo Medrol.  *See id.* at ¶ VI; R. Doc. No. 3, answer, at ¶ VI.

placed into the subdural space resulting in a condition described as quadriparesis and

quadriplegia.[5]  On March 27, 2008, plaintiffs filed suit against McCain, IPSC, Pharmacia &

Upjohn Company, LLC ("PNU"), and Pfizer, Inc. ("Pfizer") in the 24th District Court for the

Parish of Jefferson, Louisiana.   Plaintiffs seek to recover against McCain and the IPSC on a

negligence theory and against PNU and Pfizer (collectively, the "Pharmaceutical Defendants")

under the Louisiana Products Liability Act.[6]

On April 18, 2008, the Pharmaceutical Defendants removed the case to this Court based

on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[7]  The Pharmaceutical

Defendants allege complete diversity is established because all plaintiffs are citizens of

Louisiana, while PNU and Pfizer are organized under the laws of Delaware with principal places

of business in Michigan and New York, respectively.[8]  The Pharmaceutical Defendants further

maintain that defendant McCain, a Louisiana resident, and defendant IPSC, a company

organized under the laws of Louisiana, are improperly joined because they were prematurely

named.[9]  The Pharmaceutical Defendants contend that medical malpractice suits against qualified

health care providers, filed prior to submitting a claim to a medical review panel, must be

dismissed as premature.[10]  In response, plaintiffs filed this motion to stay proceedings for ninety

---

[5] R. Doc. No. 1-3, compl., at ¶¶ V, VII.  Bonnie Bugay has been diagnosed as totally disabled and now resides in a long-term care facility.  *Id.* at ¶ VII.

[6] *Id.* at ¶¶ VIII - IX.

[7] R. Doc. No. 1, notice of removal, at 1, 3.

[8] *Id.* at ¶¶ 9-11.

[9] *Id.* at ¶ 12.

[10] *Id.* at ¶ 14.

days along with a notice of voluntary dismissal without prejudice of McCain and IPSC.[11]  Plaintiffs maintain that staying the proceedings will promote judicial economy and further argue that delay of proceedings will not prejudice defendants because the case is at an early stage.[12]

## *LAW AND ANALYSIS*

### I.      Discretionary Authority

A district court possesses "wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery."  *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citing *Evangeline Ref. Co.*, 890 F.2d 1312, 1320 (5th Cir. 1989)).  A court's authority includes the "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."  *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).  Notwithstanding the court's broad discretion, a stay must not be "immoderate or of an indefinite duration."  *Id.*

### II.     Discussion

The Louisiana Medical Malpractice Act states that "[n]o action against a health care provider . . . or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section."[13] La. Rev. Stat. Ann. § 40:1299.47(B)(1)(a)(I) (2008).  A malpractice suit commenced before a medical review panel's ruling results in an exception of prematurity and a dismissal of plaintiff's

---

[11] R. Doc. Nos. 5, 6.  Plaintiffs assert that once the medical review panel is complete, they will amend their complaint to properly join McCain and IPSC.

[12] R. Doc. No. 6-2, mem. supp., at 2.

[13] The statute defines health care provider as "a person, partnership, limited liability partnership, limited liability company, corporation, facility, or institution licensed or certified by this state to provide health care or professional services."  La. Rev. Stat. Ann. § 40:1299.41(A)(1) (2008).

suit, unless the parties agree to waive the requirement.  *Bennett v. Krupkin*, 814 So.2d 681, 685 (La Ct. App. 2002)*; see* La. Code Civ. Proc. Ann. art. 933 (2005) ("If the dilatory exception pleading prematurity is sustained, the premature . . . claim . . . shall be dismissed.").

After confirming that both McCain and the IPSC were qualified health care providers, subject to the requirements of the Louisiana Medical Malpractice Act, plaintiffs voluntarily dismissed those parties without prejudice.  At the same time, plaintiffs filed this motion to stay the proceedings for ninety days pending the panel's decision, arguing that granting the motion would promote judicial economy.[14]  The Pharmaceutical Defendants argue that staying the proceedings would materially prejudice their efforts to preserve evidence, gather information, and seek summary dismissal of the claims asserted against it.   The Court agrees with the Pharmaceutical Defendants.

In *Lillie v. Wyeth-Ayerst Laboratories,* No. 94-1744, 1994 WL 532091 (E.D. La. Sept. 26, 1994), the court concluded that staying a malpractice suit pending a decision of the medical review panel would "impede defendant's efforts to gather information about the nature and details of the claims asserted against it, and defeat the purpose of the prescriptive period provided by Louisiana law."  *Id.* at *2.  The same concerns are present in this case.  A stay of the proceedings would also hinder the Pharmaceutical Defendants' ability to move for summary judgment.  *See Audrisch v. Ethicon, Inc.,* No. 02-0243-M, 2002 WL 32151749, at *2 (W.D. La. Apr. 11, 2002) (ruling that a stay would prejudice defendant because it would deny defendant the opportunity to seek summary disposition and save the expense of further litigation).

---

[14] Once the medical panel rules with respect to the claims asserted against McCain and the IPSC, plaintiffs will presumably attempt to amend their complaint to re-add the healthcare provider defendants, thereby raising issues regarding this Court's subject matter jurisdiction.

Plaintiffs suggest that the panel can make its decision within ninety days.  However, if the decision takes longer, an extension of the stay will likely be pursued, and, if granted, the time lag could further prejudice the Pharmaceutical Defendants in their discovery efforts.[15] Moreover, the type of discovery sought with respect to plaintiffs' claims against McCain and IPSC is distinct from the discovery needed against the Pharmaceutical Defendants for products liability.  *See Lillie*, 1994 WL 532091, at *2 ("Although both [products liability and negligence] claims arise from the same set of facts, their legal bases are different.  Much of the discovery . . . will focus on different issues.").  If as plaintiffs suggest, "*it is a certitude that suit will be filed against Dr. McCain* regardless of the panel's decision,"[16] there is no reason to waste valuable time pending the panel's decision since any discovery obtained within the ninety days can be used in state court proceedings if the case is ultimately remanded.  If, on the other hand, a stay is granted and plaintiffs do not amend their petition to add McCain, the Pharmaceutical Defendants will have been "unjustifiably stalled in [their] pursuit of the facts."  *Id.* The Court finds plaintiffs' argument that a stay of the proceedings would promote judicial efficiency unpersuasive.[17]

## III.    Conclusion

Accordingly,

---

[15] Defendants stress that medical review panel proceedings can easily last over two years.  R. Doc. No. 8, mem. opp'n., at 3.

[16] R. Doc. No. 6-2, mem. supp., at 2 (emphasis in original).

[17] Plaintiffs cite *Senia v. Pfizer, Inc.*, No. 06-1997, 2006 WL 1560747 (E.D. La. May 23, 2006) in support of their motion.  Though *Senia* involved a malpractice suit based upon similar facts, the stay in that case was granted pursuant to a pending decision by the Judicial Panel on Multidistrict Litigation, not a medical review panel.  Further, the motion was filed by defendant and was unopposed by plaintiff.  *See id.* at *3.  Therefore, the reference to *Senia* is inapposite.

**IT IS ORDERED** that Plaintiffs' motion to stay proceedings for ninety days pending the outcome of the medical review panel is **DENIED**.

New Orleans, Louisiana, July 14, 2008.


_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**